UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DEMETRIUS BELL** | **CASE NO. 2:19-CV-01559** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CASCADE CAPITAL LLC, ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 3] filed by defendants Cascade Capital, LLC ("Cascade") and Commonwealth Financial Systems, Inc. ("CFSI") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Demetrius Bell opposes the motion. Doc. 9.

### I.
### BACKGROUND

This suit arises from a collection letter sent to Bell, a Louisiana resident, from CFSI on April 15, 2019. Doc. 1. That letter referenced a debt in the amount of $1,146.00 from original creditor Byrd Emergency Group, LLC, and advised that the debt had "been placed with CFSI for collection by Cascade Capital LLC, the purchaser of the above referenced account." Doc. 1, att. 4. The letter offered a twenty-five percent discount to resolve the debt within 45 days. It then concluded:

> The legal time limit (statute of limitations) for suing to collect this debt has expired. Even when the statute of limitations has expired, you may choose to make payments on the debt. Be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable may start again.

*Id.*

Bell filed suit in this court under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Doc. 1. He maintains that the time-bar notice at the conclusion of the April 2019 letter does not accurately reflect Louisiana law and thus amounts to a violation of the FDCPA's prohibitions against false, deceptive, or misleading representations under § 1692e and otherwise unfair or unconscionable means of debt collection under § 1692f. *Id.* He also seeks class certification for these alleged violations under Federal Rule of Civil Procedure 23.

The defendants now move to dismiss the matter, noting that the time-bar paragraph is required by law and disputing that it is a misrepresentation of Louisiana law or otherwise misleading or unfair. Bell opposes the motion. In the alternative, he requests that he be granted leave to amend his complaint "to further refine and specify the Defendants' violations of the FDCPA." Doc. 9, p. 1.

## II.
## LAW & APPLICATION

### A. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini*

*Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### *B. Application*

The FDCPA was enacted to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating contacts between a debt collector and debtor. 15 U.S.C. § 1692. When deciding whether a debt collection letter violates the FDCPA, the court "must evaluate any potential deception . . . under an unsophisticated or least sophisticated consumer standard." *Osborn v. Ekpsz, LLC*, 821 F.Supp.2d 859, 867 (S.D. Tex. 2011) (quoting *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004)). While this unsophisticated consumer "may be uninformed, naïve, and trusting, . . . [he is assumed to have] rudimentary knowledge about the financial world and [to be] capable of making basic logical deductions and inferences." *Id.* (citing *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009)).

As Bell notes, partial payment on a time-barred debt does not amount to a renunciation of prescription under Louisiana law. *In re Robertson*, 2014 WL 6967935, at *2–*3 (Bankr. M.D. La. Dec. 8, 2014). But CFSI's letter contains no Louisiana-specific provisions, nor does it indicate that partial payment will revive a claim under every state

law. The use of "may" should alert even the least sophisticated consumer that the statement will not always be true and that he should investigate further. The time-bar notice is therefore neither false nor misleading, and Bell fails to state a claim on which relief may be granted under the FDCPA.

As for Bell's request to amend the complaint in order to "refine and specify the Defendants' violations," the dismissal above is not based on vagueness. Indeed, the complaint centers on a single paragraph of text and specific provisions of the FDCPA. The plaintiff has briefed these alleged violations exhaustively, but the court finds no grounds for relief. Plaintiff, who is represented by counsel in this matter, fails to show how amendment would cure these deficiencies or to excuse any failure to raise other, unspecified FDCPA violations based on that same letter. Accordingly, dismissal will be entered without leave to amend.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss will be **GRANTED** and the matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE** in Chambers on this 3rd day of March, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**